Filed 8/22/25  P. v. Wade CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE, | B337566 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA518652) |
| v. | |
| JOSHUA WADE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert C. Vanderet, Judge.  Affirmed with directions to correct the abstract of judgment.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan, Supervising Deputy Attorney General, and Gabriel Bradley, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

Joshua Wade (defendant) argues that the trial court abused its discretion in imposing a term of imprisonment rather than placing him on probation. There was no abuse of discretion, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

On October 3, 2023, defendant went to the apartment where his girlfriend lived with their infant child. Defendant and his girlfriend argued, which escalated to physical violence that included defendant slapping the girlfriend across the face. At the time of this incident, defendant was on probation following a conviction for injuring the same girlfriend, who is the mother of his child.

### II. Procedural Background

In the operative amended information, the People charged defendant with (1) injuring the mother of his child within seven years of a prior conviction for the same (Pen. Code, § 273.5, subd. (f)(1)),[1] (2) assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), (3) first degree residential burglary (§ 459), and (4) second degree robbery (§ 211).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

A jury convicted defendant of the first charge, and acquitted him of the other charges.

At the April 2024 sentencing hearing, defendant asked that he "be given the opportunity to be on probation" with domestic violence classes "so he can learn from this behavior[ and] grow from this behavior," and because the jury acquitted him of what he viewed as the more serious charges. The People requested a term of imprisonment, urging that defendant was not "suitable for probation" because "he was on probation when this conduct occurred." The court imposed a mid-term of four years' imprisonment, after noting that defendant was on probation at the time of the October 2023 crime and that the prior probation term included a requirement to attend domestic violence classes.

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in imposing a term of imprisonment rather than a probationary term. The Penal Code imbues trial courts with a "broad discretion" whether to grant probation after considering a number of factors relating to the crime and to the defendant. (*People v. Welch* (1993) 5 Cal.4th 228, 233; Cal. Rules of Court, rule 4.414.) Those factors include "[w]hether the defendant inflicted physical or emotional injury," "[w]hether the defendant was an active or a passive participant" in the crime, and the defendant's "[p]rior record of criminal conduct, . . . including the recency and frequency of prior crimes[] and whether the prior record indicates a pattern of regular or increasingly serious criminal conduct." (Cal. Rules of Court, rule 4.414(a)(4), (a)(6), (b)(1).) We review a trial court's exercise of this discretion for an abuse of discretion. (*People v.*

3

*Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978 (*Alvarez*).)

The trial court did not abuse its discretion in denying defendant probation. Defendant inflicted physical injury, was an active (and, indeed, the sole) participant in that crime, and was on probation for committing essentially the same crime against the exact same person at the time he did it again. Faced with such focused recidivism, a trial court does not abuse its discretion in refusing to give a defendant a *third* chance by granting him probation a *second* time.

Defendant responds with two arguments. First, he argues that the court's comment that it was denying probation because defendant was on probation "implied" a "practice of the trial court to deny probation" to all defendants on probation, especially when it did not explicitly cite any other factors. For support, he cites *People v. Penoli* (1996) 46 Cal.App.4th 298. As *Penoli* itself expressly observes, a trial court's recitation of a reason for making a decision in a particular case is not evidence of an implicit and unwavering standard practice it follows in *every* case because, in the absence of the trial court expressly stating it had such a *practice* (as was the case in *Penoli*), appellate courts are to presume the court is following the law and making a case-by-case determination. (*Id.* at p. 303; see *Alvarez, supra*, 14 Cal.4th at pp. 977-978.) Second, defendant argues that probation is warranted because the case against him was "weak"; as proof, he points to the jury's acquittal on three of the four charges and conversations his counsel had with jurors after the trial indicating that they only believed that defendant "slapped" the girlfriend. Aside from the fact that the juror testimony is inadmissible hearsay (Evid. Code, § 1150), defendant is

effectively inviting us to reweigh the pertinent factors or to hold that acquittal of some charges warrants probation for all others as a matter of law.  We decline both invitations.

We have also identified a clerical error in the abstract of judgment.  The abstract erroneously notes the conviction resulted from a guilty plea instead of by way of jury verdict.  The trial court has a duty to ensure a correct abstract is prepared; accordingly, a corrected abstract, with the correct disposition of the action, must be prepared.  (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 389-390.)

## DISPOSITION

The trial court is directed to prepare a modified abstract of judgment that correctly indicates the disposition of the action by way of jury verdict and not by plea, and to transmit a certified copy of the modified abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.
HOFFSTADT

We concur:

_____, J.
BAKER


_____, J.
KIM (D.)